UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GEORGE ANDREW YUHAS,<br><br>                     Petitioner<br><br>    v.<br><br>WARDEN OF WYOMING COUNTY CORRECTIONAL FACILITY,<br><br>                     Respondent. | CIVIL ACTION NO. 3:25-CV-01695<br><br>(MEHALCHICK, J.) |

**MEMORANDUM**

George Andrew Yuhas, who was incarcerated at the Wyoming County Correctional Facility, filed this petition pursuant to 28 U.S.C. § 2254 seeking immediate release. (Doc. 1). Because Yuhas is no longer in custody and he has not shown that he is suffering collateral consequences from his conviction, the Court dismisses the petition as moot.

**I.    BACKGROUND AND PROCEDURAL HISTORY**

Yuhas filed this petition on September 10, 2025, seeking leave to proceed *in forma pauperis*. On September 22, the Court received Yuhas's prisoner account statement, which indicated that he was "Released 09/15/2025." *See* (Doc. 6 at 2). Administrative orders sent to Yuhas were returned undeliverable on September 25, with the notation "No longer here." (Doc. 7). On September 30, the Court ordered Yuhas to show cause within 14 days why the petition should not be dismissed as moot based on his release. (Doc. 8). Yuhas has not responded to that order, which was also returned undeliverable, and has not provided an updated address to the Court.

**II.    DISCUSSION**

A *habeas corpus petition* is moot when it no longer presents a "case or controversy" under Article III, Section 2, of the Constitution. *Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (citations omitted); *see also Blanciak v. Allegheny Ludlum Corp.*, 77 F.3d 690, 698-99 (3d Cir. 1996) ("If developments occur during the course of adjudication that eliminate a plaintiff's personal stake in the outcome of a suit or prevent a court from being able to grant the requested relief, the case must be dismissed as moot."). Therefore, a habeas petition "generally becomes moot when a prisoner is released from custody before the court has addressed the merits." *DeFoy v. McCullough*, 393 F.3d 439, 441 (3d Cir. 2005).

In this case, the record indicates that Yuhas is no longer in custody at the Wyoming County Correctional Facility. "[A] habeas petitioner who has been released may obtain judicial review of a petition by showing that he continues to suffer from secondary or collateral consequences of his conviction," but courts do not "presume that a conviction carries collateral consequences." *Abreu v. Superintendent Smithfield SCI*, 971 F.3d 403, 406 (3d Cir. 2020). Yuhas has not made any such showing, and did not respond to the order to show cause why the petition should not be dismissed. Therefore, the petition must be dismissed as moot.[1]

**III.   CERTIFICATE OF APPEALABILITY**

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability ("COA"), an appeal may not be taken from a final order in a proceeding under

---

[1] To the extent Yuhas seeks separate relief for alleged "retaliation and deliberate indifference to medical needs" (Doc. 1 at 1) or other issues related to his prior conditions of confinement, those claims must be raised in a civil rights complaint, not a habeas petition. *See Leamer v. Fauver*, 288 F.3d 532, 542 (3d Cir. 2002).

28 U.S.C. § 2254. A COA may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Here, jurists of reason would not find the procedural disposition of this case debatable. Accordingly, no COA will be issued.

## IV.  CONCLUSION

Accordingly, for the reasons set forth above, Yuhas's petition will be dismissed without prejudice as moot. An appropriate order follows.

Dated: October 27, 2025

*s/ Karoline Mehalchick*
**KAROLINE MEHALCHICK**
**United States District Judge**